UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------**14**---**CV**-x   **5499**

NATALIE ERLICH,

Plaintiff

-against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE OFFICER PEINAN, JOHN and
JANE DOE 1 through 40, individually and
in their official capacities (the names John
and Jane Doe being fictitious, as the true
names are presently unknown),

Defendants.

-----------------------------------------------------------X



**COMPLAINT**

Docket No.

**JURY TRIAL REQUESTED**

Plaintiff **NATALIE ERLICH**, by her attorneys, **MADUEGBUNA COOPER LLP**, respectfully alleges as follows:

## NATURE OF THE ACTION

1.     This is a civil rights action seeking damages for Defendants' violations of Plaintiff's rights under the Constitution of the United States, particularly the Fourth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988.

2.     This is also an action for excessive and unlawful force, assault, battery, negligence, gross negligence, unlawful search and seizure, false arrest,

false imprisonment, malicious prosecution, abuse of process, negligent and intentional infliction of emotional distress, and violation of the federal Constitutional rights of Plaintiff.

3.     This suit arises from egregious conduct on November 4, 2013, when Defendant Detective PEINAN (shield no. 2276) ("PEINAN" or "Detective PEINAN") and Defendant Officer John Doe #1 flirted with Plaintiff Natalie Erlich ("NATALIE ERLICH" or "Plaintiff"), a 17 year-old high school student, while she and two female friends were getting an after school snack in the Bronx. Angered at having his advances rebuffed, Defendant PEINAN ordered the arrest of NATALIE ERLICH and her friend Marie Gonzales. Detective PEINAN then unlawfully subjected the two completely innocent women to approximately 19 hours of detention and charged them with Obstruction of Governmental Administration in the Second Degree. Subsequently, the charges brought by Defendants against NATALIE ERLICH were summarily dismissed and the criminal proceedings terminated in her favor.

## JURISDICTION and VENUE

4.     This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

5.     This Court has supplemental jurisdiction over the state causes of action pleaded herein.

- 2 -

6.      Venue is placed in this district pursuant to 28 U.S.C. § 1391(b) because it is where all the parties reside and where the events complained of occurred.

## CONDITIONS PRECEDENT

7.      Notice of Plaintiff's claims and Notice of Intention to Sue for the state causes of action pled herein was duly served upon Defendant THE CITY OF NEW YORK ("CITY") on or about January 16, 2014.

8.      A hearing pursuant to § 50(h) of the General Municipal Law was held on March 19, 2014.

9.      More than 30 days have elapsed since the Notice of Claim was served upon the CITY. The CITY has neglected or refused to make any adjustment or payment thereof.

10.      This action is commenced within one year and ninety days after the cause of action arose.

## THE PARTIES

11.      Plaintiff, NATALIE ERLICH, is a Hispanic female. As of November 4, 2013, she was 17 years old and a high school student.

12.      Defendant CITY was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

13.    At all times hereinafter mentioned, Defendant CITY operated, maintained, managed, supervised and controlled a police department, specifically the New York Police Department ("NYPD"), as part of and in conjunction with its municipal functions.

14.    At all times hereinafter, Defendant PEINAN, a white male, who is sued both in his personal and official capacities, was employed by the CITY, as a Police Officer with the NYPD.

15.    At all times hereinafter, JOHN and JANE DOE #1-40 ("Doe Defendants") being Police Officers and other employees of the City of New York, also responsible for the violations of Plaintiff's constitutional rights and the acts complained of in this matter, who are sued in their personal and official capacities, were employed by the CITY, as Police Officers with the NYPD.

16.    At all times hereinafter, Defendant CITY, its servants, agents and/or employees, including the individual and Doe Defendants, were acting under color of the statutes, ordinances, regulations, customs and usages of the State of New York and the CITY.

17.    At all times hereinafter, each and all of the acts of Defendants alleged herein were done by said defendants while acting within the scope of their employment by Defendant CITY.

- 4 -

## THE FACTS

18.     At approximately 4:00 P.M. on November 4, 2013, at or near Webb Avenue and at or near West Kingsbridge Road in the Kingsbridge section of the Bronx, Defendant PEINAN and Defendant Officer John Doe #1, who were in plain clothes with no indication or any visible sign that they were detectives or police officers, twice flirted with Plaintiff NATALIE ERLICH, an attractive 17 year-old high school student, while she and two female friends were getting an after school snack in the Bronx.

19.     Angered at having their advances rebuffed on two occasions, and in retaliation, Defendant PEINAN and his partner, Defendant Officer, John Doe #1, ordered the arrest of NATALIE ERLICH and her friend Marie Gonzales, by other Police Officers, Defendant Officers John Doe #1- 8, while watching the arrest from down the street.

20.     Consequently, at about 4:00 P.M., on November 4, 2013, and within a few minutes of Defendant PEINAN and Defendant Officer John Doe #1 being rebuffed, NATALIE ERHLICH and her friend, Marie Gonzales, were arrested, while standing outside her friend's apartment at 2709 Webb Avenue.

21.     At the time and place of the arrest, one of the men, a tall Caucasian male, John Doe #2, told NATALIE ERHICH, in sum and substance, "Give the food to your friend before I slap that shit out of your hands."

22.     Confused and surprised, NATALIE ERLICH immediately asked what she did wrong. The tall Caucasian officer, John Doe #2, ignored NATALIE ERHLICH's question and told her again to drop her food and drink.

23.     While NATALIE ERLICH was being handcuffed behind her back, her sister-in-law Jocelyn Gonzalez asked why Plaintiff was being arrested. The tall Caucasian officer, John Doe #2 sneered: "She's a smart-ass. She knows why."

24.     The male Caucasian officer, John Doe #2, began searching NATALIE ERHLICH's pockets and patted her down, touching her breasts. NATALIE ERLICH objected and asked why a female officer was not frisking her.

25.     As the male Caucasian officer, John Doe #2, was frisking NATALIE ERLICH, an unmarked police car arrived at the arrest site and two plain-clothes officers got out and approached NATALIE ERLICH. One officer, John Doe #3, was a Hispanic female and the other was a Black male officer, John Doe #4, with dreadlocks.

26.     The female officer, John Doe #3, in the presence of John Doe #4 and other officers began her own search of NATALIE ERHLICH.

27.     At the same time, Maria Gonzales was also handcuffed behind her back.

28.     Both girls (NATALIE ERLICH and Maria Gonzales) were placed in the back of the unmarked police van by Defendants John Doe ##2-4, along with four men who were also handcuffed.

29.     Once inside the van, the male arrestees said to NATALIE ERLICH and Maria Gonzales that the police should not have put the girls in the van with a group of men since the men could easily sexually assault them.

30.     NATALIE ERLICH was frightened and had no idea where the van was taking her.

31.     NATALIE ERLICH's handcuffs were hurting her wrist. When she asked for them to be loosened, the officers driving the van ignored her request.

32.     After several hours in the van wearing tight handcuffs and making additional stops to load in more arrestees, NATALIE ERLICH was finally brought to the 52nd Precinct in the Bronx where she was processed, photographed and fingerprinted.

33.     NATALIE ERLICH was kept in a jail cell at the 52nd Precinct for over two hours without food or water.

34.     By this time, NATALIE ERLICH's mother had finally found her daughter by calling around to different police precincts. Her mother brought food but the officers said NATALIE ERLICH was not allowed to eat. Yet, in the cell

next to her, a group of male arrestees were allowed to eat food brought to them from the outside.

35. After several hours locked in the 52nd Precinct, NATALIE ERLICH was marched back into the same van with Maria Gonzales and driven to Central Booking.

36. NATALIE ERLICH was processed in Central Booking and placed in a cell filled with bugs, urine and arrestees screaming throughout the hallways.

37. She was given no food until the next morning. In fact, the officers openly ignored NATALIE ERLICH's plea for water over several hours.

38. NATALIE ERLICH was told that she would see a judge before Midnight. However, she was not taken to the judge.

39. As a result, NATALIE ERLICH was forced to spend the entire sleepless night without food or water in the Central Booking jail cell until she was brought before a judge at around 10:00 A.M. the next day, November 5, 2013.

40. Represented by a Legal Aid attorney, NATALIE ERLICH pled innocent after the prosecution tried to make her take an Adjournment Contemplating Dismissal ("ACD").

41. Yet, NATALIE ERLICH knew she was completely innocent of the charges and refused to accept the ACD.

42.     NATALIE ERLICH was forced to return to court twice before the unjust and malicious charges were eventually dismissed on March 11, 2014.

43.     Up until the present time, Defendants have not provided Plaintiff with any explanation for violating her constitutional and civil rights and physically assaulting her. Neither have Defendants apologized to Plaintiff for their unlawful conduct.

## FIRST CAUSE OF ACTION
### (Unlawful Search and Seizure under 42 U.S.C. § 1983)

44.     Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as though set forth herein at length.

45.     At all times hereinafter mentioned, Defendant PEINAN and the other individual defendants and police officers, their servants, agents and/or employees were acting under color of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York, and the County of the Bronx, and under the authority of their office as police officers of said State, City and County.

46.     Each and all of the acts of the Defendants alleged herein were done by the defendants, their agents, servants and employees, and each of them, both as individuals, and under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York,

and the County of the Bronx, and under the authority of their office as Police Officers of the City and County of the Bronx.

47.     Defendants caused Plaintiff to be searched and seized in violation of her rights under federal and state laws.

## SECOND CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

48.     Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as though set forth herein at length.

49.     At all times hereinafter mentioned, Defendant PEINAN and the other individual defendants and police officers, their servants, agents and/or employees were acting under color of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York, and the County of the Bronx, and under the authority of their office as police officers of said State, City and County.

50.     Defendants caused Plaintiff to be falsely arrested and unlawfully imprisoned without legal basis and just cause. Defendants assaulted, battered, arrested, searched, seized and detained Plaintiff, which was also illegal and without just basis or legal authority, in violation of her constitutional rights under federal and state laws.

51.     By reason of the foregoing, Plaintiff suffered loss and damage.

## THIRD CAUSE OF ACTION
### (Excessive Force Under 42 U.S.C. §1983)

52.   Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as though set forth herein at length.

53.   The level of force employed by Defendants was excessive, objectively unreasonable and otherwise in violation of Plaintiffs' constitutional rights.

54.   As a result of Defendants' conduct, Plaintiff was subjected to excessive force.

55.   By reason of the foregoing, Plaintiff suffered loss and damage.

## FOURTH CAUSE OF ACTION
### (Failure to Intercede under 42 U.S.C. § 1983)

56.   Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as though set forth herein at length.

57.   Defendants had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other police officers.

58.   The Defendants failed to intervene to prevent the unlawful conduct described herein.

59.   As a result of the foregoing, Plaintiff was falsely arrested, her liberty was restricted for an extended period of time, she was put in fear of their safety,

humiliated, subjected to handcuffing and other physical restraints as well as malicious prosecution.

60.     By reason of the foregoing, Plaintiff suffered loss and damage.

## FIFTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

61.     Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as though set forth herein at length.

62.     The supervisory defendants personally caused Plaintiff constitutional injury by being deliberately indifferent or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees. The failure to supervise led directly to the incident that harmed Plaintiff.

63.     By reason of the foregoing, Plaintiff suffered loss and damage.

## SIXTH CAUSE OF ACTION
### (*Monell* Claim – Municipal Liability under 42 U.S.C. § 1983)

64.     Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as though set forth herein at length.

65.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality or authority, which is forbidden by the Constitution of the United States.

66.    The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but are not limited to, subjecting citizens to excessive force, false arresting and imprisoning individuals, arresting citizens without probable cause, and committing perjury. In addition, Defendant CITY engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of Plaintiffs' rights as described herein.

67.    As a result of the failure of the CITY to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, Defendant CITY has tacitly authorized, ratified, and has been deliberately indifferent to the acts and conduct complained of herein.

68.    The foregoing customs, policies, usages, practices, procedures, and rules of the CITY and the New York City Police Department constituted deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff.

69.    The foregoing customs, policies, usages, practices, procedures, and rules of the CITY and the New York City Police Department were the direct and proximate cause of the constitutional violations Plaintiff suffered.

70.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

- 13 -

71.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY and the New York City Police Department constitutional violations suffered by Plaintiff as alleged herein, Plaintiff was falsely arrested and imprisoned, her liberty was restricted for an extended period of time, she was put in fear of her safety, humiliated and subjected to handcuffing and other physical restraints because of her national origin and/or race, and Defendants failed to intervene on behalf of Plaintiffs, whose constitutional rights were being violated in their presence by other police officers.

72.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff's constitutional rights.

73.    All of the foregoing acts by the Defendants deprived Plaintiff of federally protected rights, including but not limited to the right:

> a. Not to be deprived of liberty without due process of law;
>
> b. To be free from false arrest/unlawful imprisonment;
>
> c. To be free from excessive and unreasonable force;
>
> d. To be free from abuse of power;
>
> e. To be free from deprivation of liberty without due process of law;
>
> f. That freedom is supposed to be free from summary punishment;

- 14 -

g. To equal protection of the laws; and

h. To be free from failure to intercede.

74.    By reason of the foregoing, Plaintiff suffered loss and damage.

## SEVENTH CAUSE OF ACTION
### (Assault under the Laws of the State of New York)

75.    Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as though set forth herein at length.

76.    Upon approaching, searching and arresting Plaintiff, the police officers, employees of Defendant CITY, made Plaintiff fear for her physical well-being and safety and placed her in apprehension of immediate harmful and/or offensive touching.

77.    The aforementioned acts were excessive, unwarranted, unnecessary and violent and violated Plaintiff's rights under the United States Constitution and constituted an assault under New York State law.

78.    By reason of the foregoing, Plaintiff suffered loss and damage.

## EIGHTH CAUSE OF ACTION
### (Battery under the Laws of the State of New York)

79.    Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as though set forth herein at length.

80.    The Police Officers, employees of Defendant CITY, assaulted, battered, intimidated, threatened, and menaced Plaintiff.

81.     The aforesaid conduct of the Police Officers was without Plaintiff's consent.

82.     The aforesaid conduct of the Police Officers was offensive in nature.

83.     The aforesaid conduct of the Police Officers was intentional.

84.     The aforesaid conduct of the Police Officers was with the intent of causing physical, emotional and/or psychological harm and/or other injuries to Plaintiff.

85.     The aforementioned acts were excessive, unwarranted, unnecessary and violent and violated Plaintiff's rights under New York State law.

86.     By reason of the foregoing, Plaintiff suffered loss and damage.

## NINTH CAUSE OF ACTION
### (False Arrest/False Imprisonment under the Laws of New York State)

87.     Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as though set forth herein at length.

88.     Defendants wrongfully and falsely accused Plaintiff of committing an offense in violation of the laws of the State of New York.

89.     Defendants knew that the charge was false, yet they arrested and imprisoned Plaintiff.

90.     The false arrest and imprisonment were initiated by Defendants without legitimate basis or lawful cause.

91.     Defendants wrongfully and unlawfully, without reasonable suspicion or probable cause, arrested and imprisoned Plaintiff, and with full force of arms they forcibly seized, laid hold of and compelled Plaintiff to be detained and imprisoned for many hours.

92.     Defendants, acting within the scope of their authority and employment, detained and imprisoned Plaintiff, even though the Defendants had the opportunity to know or should have known that the charge alleged against the plaintiffs was false, reckless conduct, deliberate indifference, and fraud and deceit.

93.     Plaintiff was innocent of the charge and did not contribute in any way to the conduct of the Defendants, and was forced by the Defendants to submit to the arrest and imprisonment against her will.

94.     Defendants, on the aforementioned date, time and place, intended to confine plaintiff; plaintiff was conscious of the confinement; plaintiff did not consent to the confinement; and the confinement was not otherwise privileged.

95.     By reason of the false arrest, imprisonment and detention of Plaintiff, Plaintiff was subject to great indignities, humiliation and ridicule in being so detained, and greatly injured in her credit and circumstances and was then and there prevented and hindered from performing and transacting her necessary affairs and business, and was caused to suffer pain in both mind and body.

96.     By reason of the aforesaid, Plaintiff suffered loss and damage.

- 17 -

## TENTH CAUSE OF ACTION
### (Unlawful Search and Seizure under the Laws of the State of New York)

97.   Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as though set forth herein at length.

98.   Defendants unlawfully and knowingly searched and seized Plaintiffs' person and things without reasonable suspicion or probable cause.

99.   By reason of the aforesaid, Plaintiff suffered loss and damage.

## ELEVENTH CAUSE OF ACTION
### (Infliction of Emotional Distress under the Laws of New York State)

100.   Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as though set forth herein at length.

101.   The acts of Defendants towards Plaintiff were extreme and outrageous.

102.   Defendants acted recklessly and/or with the intent of causing Plaintiff severe emotional distress.

103.   The acts were committed by Defendants while acting within the scope of their employment with the Defendant CITY.

104.   The acts were committed by Defendants while acting in furtherance of their employment with the Defendant CITY.

105.   As a direct and proximate result of Defendants' actions, Plaintiff suffered extreme humiliation, shame, embarrassment, and mental and emotional distress.

106.   By reason of the aforesaid, Plaintiff suffered loss and damage.

## TWELFTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the Laws of the State of New York)

107.   Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as though set forth herein at length.

108.   Upon information and belief, Defendant CITY failed to use reasonable care in the screening, hiring, and retention of the aforesaid Defendants, who conducted and participated in the acts complained of herein.

109.   Defendant CITY knew or should have known, in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct complained of herein.

110.   As a direct and proximate cause of the foregoing, Plaintiff suffered loss and damage.

## THIRTEENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the Laws of the State of New York)

111.   Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as though set forth herein at length.

- 19 -

112. Upon information and belief, Defendant CITY failed to use reasonable care in the training and supervision of the aforesaid defendants, who conducted and participated in the acts complained of herein.

113. As a direct and proximate cause of the foregoing, Plaintiffs suffered loss and damage.

## FOURTEENTH CAUSE OF ACTION
### (Negligence under the Laws of the State of New York)

114. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as though set forth herein at length.

115. Plaintiff's injuries were caused by the carelessness, recklessness, negligence and gross negligence of Defendant CITY and its employees and agents, who were on duty and acting in the course of their employment when they engaged in the wrongful conduct complained of herein.

116. As a direct and proximate cause of the foregoing, Plaintiff suffered loss and damage.

## FIFTEENTH CAUSE OF ACTION
### (*Respondeat Superior* under the Laws of the State of New York)

117. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as though set forth herein at length.

118. Defendant CITY is vicariously liable, under the common law, for the aforesaid tortious acts of the individual defendants who were on duty and acting in

the course of their employment when they engaged in the wrongful conduct complained of herein.

119.   Plaintiffs' injuries resulted from Defendant CITY's unspoken custom of acquiescence of the aforesaid tortious acts of the individual defendants.

120.   By reason of the aforesaid, Plaintiff suffered loss and damage.

## SIXTEENTH CAUSE OF ACTION
### (Malicious Prosecution under the Laws of the State of New York)

121.   Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as though set forth herein at length.

122.   On or around November 4, 2013, Defendant PEINAN and Defendant CITY initiated a criminal prosecution of Plaintiff in the Criminal Court of the City of New York by verifying a Criminal Court complaint charging Plaintiff with the commission of criminal acts.

123.   The prosecution of Plaintiff was initiated without probable cause and with malice.   Defendants PEINAN and CITY intentionally provided false information and withheld material information regarding the culpability of Plaintiff.

124.   Plaintiff was subject to great indignities, humiliation and ridicule in being so charged and prosecuted for a crime she did not commit.

125.   On March, 11, 2014, the charges against Plaintiff were dismissed.

126.   As a direct and proximate cause of the foregoing, Plaintiff suffered loss and damage.

## REQUEST FOR PUNITIVE DAMAGES

127.   Because the acts taken by the individual defendants toward Plaintiff were carried out in a reckless, grossly negligent, with conscious disregard and deliberate indifference to Plaintiff's rights, deliberate, cold, callous and intentional manner in order injure and damage Plaintiff, Plaintiff requests the assessment of punitive damages, in an amount appropriate to punish and make an example of the Defendants.

## REQUEST FOR ATTORNEYS FEES AND COSTS

128.   If Plaintiff prevails she is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, judgment is respectfully demanded:

a.   Awarding against Defendants punitive damages, as the jury may determine;

b.   Awarding against Defendants compensatory damages, as the jury may determine;

c.   Awarding costs and reasonable costs and attorney's fees; and

d.   Granting such other and further relief as to the Court deems just and proper.

Dated:       New York, New York
             July 22, 2014

                              **MADUEGBUNA COOPER LLP**
                              Attorneys for Plaintiff
                              NATALIE ERLICH
                     By:      Samuel O. Maduegbuna, Esq. (SM 6084)
                              30 Wall Street, 8th Floor
                              New York, NY 10005
                              (212) 232-0155

To:   THE CITY OF NEW YORK
      Office of the Corporation Counsel
      of the City of New York
      100 Church Street
      New York, New York 10007

      DETECTIVE PEINAN
      New York City Police Department, 52nd Precinct
      3016 Webster Avenue
      Bronx, New York 10467

      JOHN DOE OFFICER ##1-4
      New York City Police Department, 52nd Precinct
      3016 Webster Avenue
      Bronx, New York 10467

*UNITED STATES DISTRICT COURT*
*SOUTHERN DISTRICT OF NEW YORK*                    *Docket No.:*

---

*NATALIE ERLICH,*

*Plaintiff,*

*-against-*

*THE CITY OF NEW YORK, NEW YORK CITY POLICE OFFICER PEINAN, JOHN and JANE DOE 1 through 40, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),*

*Defendants.*

---

## COMPLAINT AND JURY DEMAND

---

*Signature (Rule 130-1.1-a)*

---

*Print name beneath   SAMUEL O. MADUEGBUNA, ESQ.*

---

*Yours, etc.*

*MADUEGBUNA COOPER LLP*
*Attorneys for Plaintiff*
*30 Wall Street, 8th Floor*
*New York, New York 10005*
*(212) 232- 0155*

*To: All Counsel of Record*
*Service of the within is hereby admitted on*

---

*Attorneys for*